**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
LUFKIN DIVISION**

| | |
|---|---|
| SWIPE INNOVATIONS, LLC,<br><br>    Plaintiff,<br><br>    v.<br><br>(1)  BLUEBIRD USA INC.; AND<br>(2)  BLUEBIRD SOFT INC.,<br><br>    Defendants. | CIVIL ACTION NO. 9:13-CV-12<br><br>ORIGINAL COMPLAINT<br>FOR PATENT INFRINGEMENT<br><br>**JURY TRIAL DEMANDED** |

Plaintiff Swipe Innovations, LLC ("Swipe") files this original complaint against the above-named defendants, alleging, based on its own knowledge with respect to itself and its own actions, and based on information and belief as to all other matters, as follows:

**PARTIES**

1. Swipe is a limited liability company formed under the laws of the State of Texas, with a principal place of business in Houston, Texas.

2. Defendant Bluebird USA Inc. ("Bluebird USA") is a New Jersey corporation.  Bluebird USA is doing business in the state of Texas but has failed to appoint an agent for service of process in Texas.  Accordingly, Bluebird USA can be served under the Texas Long Arm Statute and/or the Texas Business Organizations Code by serving the Secretary of State.  Bluebird USA's home, home office, and principal office address is 460 Bergen Blvd. Suite 202A, Palisades Park, NJ 07650.

3. Defendant Bluebird Soft Inc. ("Bluebird Korea") is a Korean corporation with a principal place of business at SEI Tower 13~14F, 467-14, Dogok-dong, Gangnam-gu, Seoul, Korea.  Bluebird Korea can be served at its principal place of business.

**JURISDICTION AND VENUE**

4. This is an action for infringement of a United States patent arising under 35 U.S.C. §§ 271, 281, and 284–85, among others. This Court has subject matter jurisdiction of the action under 28 U.S.C. § 1331 and § 1338(a).

5. Venue is proper in this district under 28 U.S.C. §§ 1391 and 1400(b). Upon information and belief, defendants have transacted business in this district and have committed and/or induced acts of patent infringement in this district.

6. Defendants are subject to this Court's specific and general personal jurisdiction under due process and/or the Texas Long Arm Statute due at least to defendants' substantial business in this forum, including: (i) at least a portion of the infringements alleged herein; and (ii) regularly doing or soliciting business, engaging in other persistent courses of conduct, and/or deriving substantial revenue from goods and services provided to individuals in Texas and in this district.

**COUNT I**

**INFRINGEMENT OF U.S. PATENT NO. 5,351,296**

7. On September 27, 1994, United States Patent No. 5,351,296 ("the 296 patent") was duly and legally issued by the United States Patent and Trademark Office for an invention titled "Financial Transmission System."

8. Swipe is the owner of the 296 patent with all substantive rights in and to that patent, including the sole and exclusive right to prosecute this action and enforce the 296 patent against infringers, and to collect damages for all relevant times.

9. Bluebird USA and Bluebird Korea (collectively, "Bluebird"), either alone and/or in conjunction with others, including their customers and/or suppliers, made, had

made, used, imported, provided, supplied, distributed, sold, and/or offered for sale payment terminal products and/or systems capable of encrypting PIN data (including at least the CT360 payment terminal) that infringed one or more claims of the 296 patent. In addition, Bluebird induced infringement and/or contributed to the infringement of one or more of the claims of the 296 patent by its customers and/or suppliers.

10. Swipe has been damaged as a result of the infringing conduct by defendants alleged above. Thus, defendants are liable to Swipe in an amount that adequately compensates Swipe for such infringements, which, by law, cannot be less than a reasonable royalty, together with interest and costs as fixed by this Court under 35 U.S.C. § 284.

## JURY DEMAND

Swipe hereby requests a trial by jury on all issues so triable by right.

## PRAYER FOR RELIEF

Swipe requests that the Court find in its favor and against defendants and that the Court grant Swipe the following relief:

a. Judgment that one or more claims of the 296 patent have been infringed, either literally and/or under the doctrine of equivalents, by defendants and/or by others to whose infringement defendants have contributed and/or by others whose infringement have been induced by defendants;

b. A permanent injunction enjoining defendants and their officers, directors, agents, servants, affiliates, employees, divisions, branches, subsidiaries, parents, and all others acting in active concert therewith from infringement, inducing infringement of, or contributing to infringement of the 296 patent;

c. Judgment that defendants account for and pay to Swipe all damages to and costs incurred by Swipe because of defendants' infringing activities and other conduct

complained of herein;

      d.      That Swipe be granted pre-judgment and post-judgment interest on the damages caused by defendants' infringing activities and other conduct complained of herein;

      e.      That this Court declare this an exceptional case and award Swipe its reasonable attorneys' fees and costs in accordance with 35 U.S.C. § 285; and

      f.      That Swipe be granted such other and further relief as the Court may deem just and proper under the circumstances.

Dated: January 15, 2013

Respectfully submitted,

 /s/ Larry D. Thompson, Jr.
Larry D. Thompson, Jr. (lead attorney)
Texas Bar No. 24051428
larry@ahtlawfirm.com
Matthew J. Antonelli
Texas Bar No. 24068432
matt@ahtlawfirm.com
Zachariah S. Harrington
Texas Bar No. 24057886
zac@ahtlawfirm.com
ANTONELLI, HARRINGTON &
THOMPSON LLP
4200 Montrose Blvd., Ste. 430
Houston, TX 77006
(713) 581-3000
(713) 581-3020 fax

Stafford Davis
State Bar No. 24054605
THE STAFFORD DAVIS FIRM, PC
305 S. Broadway, Suite 406
Tyler, Texas 75702
(903) 593-7000
sdavis@stafforddavisfirm.com

*Attorneys for Swipe Innovations, LLC*